West'n Dis'ct
October, 1826.

*BOATNER* vs. *HENDERSON* & *AL.*

APPEAL from the court of the sixth district.

PORTER, J. delivered the opinion of the court. The defendants were owners of two tracts of land, situated on a small water course in the parish of Rapides. The upper one was acquired by them by purchase, and at the time they bought it, was subject to a mortgage in favor of the present plaintiff. On the premises was erected a grist and saw mill, and the land is stated and proven to be of no value except for a mill seat.

The plaintiff not receiving payment of his debt, proceeded, by an action of mortgage, to have his lien carried into effect. While these proceedings were pending, the defendants commenced constructing a dam and a mill on the lower tract owned by them, and the very day, or the day after, the mortgaged premises were adjudged to the plaintiff, who became the purchaser Under the sale made at his own instance, they finished the construction of the dam.

The new works were erected so near to

If the mortgaged premises are rendered less valuable by the acts of a third possessor, he will be responsible to the mortgagee

Erecting works on a stream of water, by which a mill previously placed there is prevented working, is illegal.

And it is immaterial whether the obstruction is created by preventing the stream from descending, or by throwing the water back on the old mill, so that it cannot work.

the old ones, that it was found that the water collected in the dam rose to such a height that it completely impeded the use of the mill originally placed on the mortgaged premises.  Upon this fact being ascertained, the plaintiff commenced the present action, in which he stated that these new works had been erected with the intention to injure those belonging to the petitioner— that he had sustained damage, in consequence thereof, to the amount of $10,000, and he prayed that he might have judgment for these damages, and that the works erected by the defendants might be abated.

The defendants pleaded that the plaintiff had shewn no cause of action—that they had a right to erect a mill and dam on their own land, and that the plaintiff purchased with a full knowledge of these obstructions.

The cause was submitted to a jury in the court below, who found a verdict in favor of the plaintiffs for $1.000, which verdict the court confirmed by their judgment, and further decreed, that the works erected by the defendants should be abolished.

The first question in the case is, whether the defendant, having purchased the mort-

BRATNER
*vs*
HENDERSON
& AL.

gaged premises, did not acquire a right to make any change he pleased in the buildings erected thereon? And we are of opinion his right to do so was undoubted, provided he did not diminish the value of the property. On this subject we have an express provision of law. " The deterioration which proceeds from the deed or neglect of the third possessor, to the prejudice of the creditors who have a privilege or mortgage, gives rise against the former to an action of indemnification." *C. Code* 462. *art.* 48.

The second is, whether the defendant had not a right to erect the mill, on his own land, whether it injured that of his neighbor or not? or, as the case was put at the bar, whether he had not the same authority to place works of this description on his land, as the plaintiff had to erect them on the adjoining soil, which was his property?

It is a general principle of law, that owners may use their property as they please, with the exception that they do no injury to others. *Sic tuum utere, ut alium non ledas.* But it would seem that this obligation ought not to be increased by the circumstance of others having *previously* commenced using

their property in such a way, as that the
purposes to which they have applied it con- flict with mine. Our code, however, ap-
pears to limit the right of ownership in this way, and in its provisions on this head, it distinguishes between works which *damage* the buildings of a neighbor, and those which produce an *inconvenience*, declaring the first to be illegal, and the other, nothing but the exercise of those rights which appertain to the ownership of property. *C. C.* 136, 16.

In this case, the injury complained of is the erection of a dam, by which a reflux of water is created, so that the plaintiff cannot use his mill as formerly. Whether this be one of those acts by which an *inconvenience* would be produced, or a *damage* inflicted, might, perhaps, be doubted, though it would seem to belong to the latter class. But on this subject we have a positive law of the *partidas*, which declares that a man cannot erect a mill near another, so as to obstruct the current of water to that previously erected. It is true this law contemplates only the case of an injury done by prevent- ing the water from descending, but the inju- ry is the same where the water is thrown

back.    The object of the law was, to pro-
tect old works of this kind from being im-
peded in their operation by the erection of
new ones ; and whether this is done by ob-
structing the current so that no water can
reach the wheel from above, or by sending
so much water back on it from below, as
that the mill cannot be used, is a difference
but in name, and we have no doubt the pro-
hibition extends to the one act, as well as
the other. *Par.* 3, *tit.* 32, *law* 18.

   The last point made in the cause is, that
the damages are excessive.    The jury and
the judge below have thought they were not,
and we do not think the case shews them
so clearly so, as to authorise us to disturb
the verdict.    The property of the plaintiff
is proved to be of no use but for a mill seat,
and for that purpose to be considered of
great value, if we may judge by the high
prices paid for it by the persons through
whom title has descended to the petitioner.
From the time of the obstruction, up to the
rendering the verdict, fifteen or sixteen
months had elapsed, and we are unable to
say the jury erred in considering that the

use of the property was not worth $1000 for that space of time.

It is therefore ordered, adjudged and decreed, that the judgment of the district court be affirmed with costs.

*Scott & Thomas* for the plaintiff, *Wilson & Johnston* for the defendants.